IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DWAYNE E. CROPPER,<br><br>Petitioner,<br><br>v.<br><br>BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE,<br><br>Respondents. | : | C.A. No. 24-329-GBW |

**MEMORANDUM**

## I. INTRODUCTION

In February 1999, a Superior Court jury convicted Petitioner of attempted first degree murder and possession of a deadly weapon during the commission of a felony. *See Cropper v. State*, 746 A.2d 275 (Table), 2000 WL 139992, at *1 (Del. Jan. 21, 2002). The convictions were based on the January 1996 stabbing of Petitioner's wife in their home. On April 9, 1999, the Superior Court sentenced Petitioner to thirty-five years in prison followed by ten years of decreasing levels of supervision. The Delaware Supreme Court affirmed Petitioner's conviction and sentence. *See id.*

In February 2000, Petitioner filed in the Superior Court a motion for modification of sentence. *See Cropper v. Carroll*, 2002 WL 32332374, at *1 (D. Del. Aug. 27, 2002). On March 23, 2000, the Superior Court amended Petitioner's sentence to provide that he be placed in a drug treatment program while incarcerated, but denied the motion for modification in all other respects. Petitioner did not appeal that decision. *See id.*

In January 2001, Petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See Cropper*, 2002 WL 32332374, at *1. The Superior Court denied the motion on June 15, 2001, and the Delaware Supreme Court affirmed that decision on December 10, 2001. *See id.*

In April 2002, Petitioner filed his first habeas petition in this Court asserting the following claims concerning the Delaware state courts' handling of his collateral proceedings: (1) the Superior Court abused its discretion and deprived him of his right to due process by denying his motion for postconviction relief without allowing him to amend his motion; (2) the judge originally assigned to his postconviction proceedings retired, and a new judge was assigned without giving Petitioner fair notice; and (3) the Superior Court deprived him of his constitutional rights by denying his postconviction motion without appointing counsel or

conducting an evidentiary hearing. *See Cropper*, 2002 WL 32332374, at *1. The Honorable Joseph J. Farnan denied the first petition because Petitioner's grounds did not present issues cognizable on federal habeas review. *Id.* at *3.

In June 2005, Petitioner filed his second habeas petition in this Court, this time asserting that his 1999 conviction and sentence as a habitual offender was unconstitutional under *Blakely v. Washington*, 524 U.S. 296 (2004). (*See* D.I. 1 *in Cropper v. Carroll*, Civ. A. No. 05-412-JFF) Judge Farnan denied that petition for lack of jurisdiction because it constituted an unauthorized second or successive habeas petition. (*See* D.I. 2 in Civ. A. No. 05-412-JJF)

On January 1, 2020, Petitioner filed a third habeas petition asserting the following two arguments: (1) his sentence violates the Eighth Amendment because it is impermissibly disproportionate; and (2) defense counsel provided ineffective assistance by failing to challenge Petitioner's sentence as being unconstitutional. (*See* D.I. 1-1 at 12-13 in *Cropper v. Metzger*, Civ. A. No. 20-05-LPS) The Honorable Leonard P. Stark dismissed the petition for lack of jurisdiction because it constituted an unauthorized second or successive habeas petition. (*See id.* at D.I. 6, D.I. 7)

In September 2020, Petitioner filed a fourth § 2254 petition that was liberally construed as challenging the length of Petitioner's 1999 sentence. (*See*

D.I. 3 in *Cropper v. Metzger*, C.A. No. 20-1217-LPS) Judge Stark dismissed the unauthorized second or successive Petition for lack of jurisdiction in February 2022. (*See* D.I. 3 and D.I. 4 in *Cropper v. Metzger*, C.A. No. 20-1217-LPS)

Presently pending before the Court is Petitioner's fifth habeas petition ("Petition"). (D.I. 3) The Petition consists of a handwritten document asserting that Petitioner's 1999 sentence violates the Eighth Amendment, along with copies of records relating to his numerous state criminal and civil cases. (D.I. 3; D.I. 3-1 through D.I. 3-9)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant Petition challenges the same 1999 conviction for attempted murder that Petitioner challenged in his first habeas petition, and the dismissal of his first petition for failing to assert an issue cognizable on habeas review constitutes an adjudication on the merits for § 2244 purposes. *See Cosey v. Lilley*, 368 F. Supp. 3d 671, 673 (S.D.N.Y. 2019). Petitioner could have asserted his current Eighth Amendment challenge in his first petition. Therefore, the instant Petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the pending petition. Consequently, the Court concludes that it lacks jurisdiction to consider the instant unauthorized second or successive habeas request. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant unauthorized second or successive

habeas petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant unauthorized second or successive Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: October 28, 2024

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE